(128 App. Div. 150.)

### In re NEWTOWN CREEK BRIDGE IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. October 16, 1908.)

EMINENT DOMAIN—DAMAGES—PARTIES ENTITLED.

Where premises were conveyed by a lessor, the owner of the fee, to his lessee pending proceedings by a city to acquire title to the fee in a street for an approach to a bridge, the premises being conveyed after the structure was built and the damage done, the lessor, and not the lessee, was entitled to damages.

Appeal from Special Term, Kings County.

In the matter of the application of the city of New York relative to acquiring title for the construction of a bridge over Newtown creek, etc. Appeal from an order confirming the report of the commissioners of estimate and appraisal. Affirmed.

The proceeding was to acquire title to the fee in a street to be used as an approach to a bridge. The approach was an elevated structure in the street.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

William B. Donihee, for appellant.
Joseph A. Flannery, for respondent.

GAYNOR, J. The appellant was given an award as lessee for damages by the impairment of the appurtenant easements of light, air and access, but he claims that he should have been given such damages as owner of the fee also, although the premises were conveyed to him during the pendency of the proceeding, and after the structure was built in the street and the damage done. Instead, the award for such damage was made to his grantor, who owned the fee when the proceeding was begun and when the damage was done. This was correct. The use of the street by the structure was legal, and the damage done by it was to the fee owner, and was not included in his conveyance to the appellant. It was a chose in action belonging to him. The case is not like the elevated railroad cases, where the structure

was illegal, and the presumption was that it was not to continue. In such a case the grantee is entitled to the future damage by the impairment of the easements. The presumption in a case like the present is that the price paid by the grantee was based on the land in its damaged condition and did not include the damages recoverable therefor. Matter of Grade Crossing Com'rs, 64 App. Div. 71, 71 N. Y. Supp. 674; Id., 169 N. Y. 605, 62 N. E. 1096.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.